PHILLIP A. TALBERT
United States Attorney
ROBERT C. ABENDROTH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:22-CR-0140 WBS |
|---|---|
| Plaintiff, | AMENDED STIPULATION AND JOINT REQUEST FOR PROTECTIVE ORDER; PROTECTIVE ORDER |
| v. | |
| LUIS ALFONSO VELARDE-LOPEZ, ARIVI LOPEZ-GAMEZ, and FRANCISCO JAVIER GONZALES, JR. | |
| Defendants. | |

## I.    STIPULATION

1. Plaintiff United States of America, by and through its counsel of record, and defendants Luis Alfonso Velarde-Lopez, Arivi Lopez-Gamez, and Francisco Javier Gonzales, Jr., by and through their counsel of record ("Defendants" and "Defense Counsel"), for the reasons set forth below, hereby stipulate, agree, and jointly request that the Court enter a Protective Order in this case restricting the use and dissemination of certain materials that could identify undercover agents and/or confidential sources.

2. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

3. On June 23, 2022, the Grand Jury returned an indictment charging Defendants with conspiracy to distribute and to possess with intent to distribute methamphetamine and fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1) (Count One), distribution of fentanyl, in violation of 21 U.S.C.

1  § 841(a)(1) (Count Two), and possession with intent to distribute methamphetamine and fentanyl, in
2  violation of 21 U.S.C. § 841(a)(1) (Counts Three and Four).  On August 3, 2022, the Defendants made
3  their initial appearance on the indictment.

4      4.      The government has tendered to the Defendants a discovery package consisting of
5  various discovery materials.  Not included within that discovery package are materials in the
6  government's possession consisting of audio recordings, video recordings, and photographs depicting
7  and documenting controlled purchases by undercover agents and cooperating informants ("the
8  recordings").  Although the government has not provided duplicate copies of the recordings, the
9  government has made the recordings available for inspection but not duplication.  The government has
10 not provided duplicate copies of the recordings because the recordings, if disseminated, could be used to
11 identify undercover officers and cooperating informants.  Now, the government seeks to provide copies
12 of the recordings to Defense Counsel.  The government seeks to do so to aid Defense Counsel and the
13 Defendants in the logistics of reviewing the recordings and to promote a prompt and just resolution of
14 the case.

15     5.      If the Court grants this stipulation and request, the government intends to produce
16 duplicate copies to Defense Counsel of the recordings.  Hereinafter the recordings will be referred to as
17 "the Protected Materials" and subject to the Court's Protective Order, if issued.  The government will
18 mark the Protected Materials to distinguish materials subject to the Court's Protective Order from the
19 other discovery materials which are not subject to the Court's Protective Order.

20     6.      The parties seek to establish the procedures that must be followed by Defense Counsel,
21 any designated employees, and any other individual who receives access to the Protected Materials in
22 this case and the information therein.

23     7.      The government proposes that it produce duplicate copies of the Protected Materials to
24 Defense Counsel by marking them as "Protected Materials," and by designating the discovery with the
25 bates prefix, "VELARDE-LOPEZ_PM_."  The government further proposes that this discovery, and any
26 subsequent material tendered by the government to Defense Counsel using the bates-prefix, shall be
27 subject to the Court's Protective Order, if issued.  Additionally, the government and Defense Counsel
28 / / /

STIPULATION AND JOINT REQUEST
FOR PROTECTIVE ORDER;                           2
PROTECTIVE ORDER

request that the Court enter an order directing that the Protected Materials be handled pursuant to the following conditions:

    a.    Defense Counsel shall not give the Protected Materials to any person other than Defense Counsels' staff assisting in preparation of the present case.  The term "staff" shall include only attorneys, paralegals, legal assistants, retained experts, and investigators assisting Defense Counsel in the present matter.  The term "staff" excludes the following: any other defendant in this matter or any other pending matter against the Defendant; any person involved in any case in which discovery concerning the Defendant is produced; and any other person other than those specifically authorized to see the Protected Materials under this paragraph.

    b.    Any person receiving access to the Protected Materials from Defense Counsel shall be bound by the same obligations as Defense Counsel and, further, may not share the Protected Materials with other persons who are not "staff" assisting in the defense.

    c.    No members of any of a Defendants' family, friends of a Defendant, personal or professional associates of a Defendant, or any other person affiliated with a Defendant shall be given access to the Protected Materials or contents thereof in any manner, for any reason.

    d.    Defense Counsel may make copies of the Protected Materials and may take written or typed notes summarizing the Protected Materials in connection with preparation of the case.  If necessary to the litigation of the instant matter, Defense Counsel may also have audio or video forms of the Protected Materials transcribed.  All copies, duplicates, notes and summaries that describe confidential informants and undercover officers, transcripts, or other representations of or concerning the information in the Protected Materials comprises "Protected Materials" itself, must be affixed with the corresponding bates numbers, and is subject to all terms of the Court's Protective Order.  Any notes or summaries that do not include descriptions of confidential sources or undercover officers are not considered "Protected Materials," and may be provided to Defendants.

    e.    Defense Counsel shall maintain a list of persons to whom the Protected Materials are being or have been given.  Such persons shall be provided with a copy of the Court's Protective Order, shall sign their full names to a copy of the Court's Protective Order acknowledging that they understand its terms and are bound by it.  If Defense Counsel is replaced for any reason, or if new

counsel is appointed in any phase of the matter, the new counsel shall not have access to the Protected Materials until and unless they sign a copy of the Court's Protective Order, under the terms described in this paragraph.

    f.  Defense Counsel may use the Protected Materials in the defense of a Defendant in the instant case in any manner necessary for effective representation (*i.e.*, in motions that are filed under seal, if necessary; in *ex-parte* applications as may be needed; and in reproducing and summarizing the Protected Materials for use in trial preparation summaries, exhibits, and as evidence, as may be needed), consistent with the Court's Protective Order as it shall be originally prepared and signed.

    g.  In the event Defense Counsel needs to use the Protected Materials in a manner not authorized under the Court's Protective Order, Defense Counsel is entitled to seek to have the Protective Order amended by the Court, after having given notice to the government.

    h.  Defense Counsel and any authorized members of Defense Counsels' staff are authorized to review with a Defendant the contents of the Protected Materials.  Defense Counsel and authorized members of Defense Counsels' staff, however, are prohibited from giving a Defendant the Protected Materials.  This prohibition will not extend to a Defendant viewing the Protected Materials under Defense Counsels' supervision or prohibit the use of the Protected Materials in open court should any of these materials or summaries thereof be used in the litigation of this case.

    i.  Defense Counsel is authorized to show copies of the Protected Materials to potential witnesses in this case.  Defense Counsel is prohibited, however, from giving any potential witness the Protected Materials or any memorialization of the content of the Protected Materials or allowing any potential witness to make a copy or in any way memorialize the contents of the Protected Materials.

[CONTINUED ON NEXT PAGE]

WHEREFORE, the government and the Defendants respectfully request that the Court enter an order, directing that the Protected Materials be handled pursuant to the restrictions outlined above.

Respectfully Submitted,

Dated:  November 8, 2022       PHILLIP A. TALBERT
                               United States Attorney

                          By:  /s/ ROBERT C. ABENDROTH
                               ROBERT C. ABENDROTH
                               Assistant United States Attorney
                               Attorney for the government

Dated:  November 8, 2022       /S/ MEGHAN McLOUGHLIN
                               MEGHAN McLOUGHLIN
                               Counsel for Luis Alfonso Velarde-Lopez

Dated:  November 8, 2022       /S/ KYLE RODGER KNAPP
                               KYLE RODGER KNAPP
                               Counsel for Arivi Lopez-Gamez

Dated:  November 8, 2022       /S/ MARK JOSEPH REICHEL
                               MARK JOSEPH REICHEL
                               Counsel for Francisco Javier Gonzales, Jr.

### FINDINGS AND ORDER

The Court having read and considered the Stipulation and Joint Request for a Protective Order, which this Court incorporates by reference into this Order in full, hereby finds that GOOD CAUSE exists to enter the above Order.

IT IS SO FOUND AND ORDERED

Dated:  November 9, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE